UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COREY JOHNSON,<br><br>　　　　Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants | Case No.: 2:20-cv-01914-APG-BNW<br><br>**Order Granting in Part Motion to Dismiss and Granting Leave to Amend**<br><br>[ECF No. 22] |

Plaintiff Corey Johnson sues multiple defendants for events that took place while he was incarcerated at High Desert State Prison (HDSP). After screening, Johnson's remaining claims are: (1) a Fourteenth Amendment due process violation related to his parole revocation against defendants Marc Chambers, Lamicia Bailey, Allery Marquez, and Sean Conroy; (2) a Fourteenth Amendment prison disciplinary hearing due process violation against defendant Joseph Dugan; and (3) a First Amendment legal mail claim against defendant Crystal Chanice based on her allegedly opening and losing the contents of a letter he sent. ECF No. 7 at 12.

Defendants Dugan and Chanice move to dismiss the claims against them with prejudice. Johnson opposes dismissal. The parties are familiar with the facts, and I detailed them in the screening order, so I do not repeat them here except where necessary to resolve the motion. I grant the defendants' motion to dismiss the claims against them with prejudice, but with leave for Johnson to amend to state a claim for First Amendment interference with non-legal mail if facts exist to do so.

/ / / /

/ / / /

## I. LEGAL STANDARD

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

To state his claims under 42 U.S.C.§ 1983, Johnson must allege that the defendant acted under color of law and the defendant's "action resulted in a deprivation of a constitutional right or a federal statutory right." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000). The defendants do not dispute that they acted under color of law. Thus, the question is whether Johnson has plausibly alleged that the defendants violated his constitutional rights.

The defendants have asserted qualified immunity. "Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the challenged conduct, such that every reasonable official would have understood that what he is doing violates that right." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (simplified). I may answer these two questions in any order. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011).

Johnson bears the burden of showing the right at issue was clearly established. *Id.* "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *D.C. v.*

*Wesby*, 138 S. Ct. 577, 589 (2018) (simplified). Johnson does not necessarily have to point to a case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate, such that every reasonable official . . . would have understood that he was violating a clearly established right." *Morales*, 873 F.3d at 823 (simplified). And that precedent must be "settled," meaning that "it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Wesby*, 138 S. Ct. at 589-90 (simplified).

Whether the right at issue was clearly established is a question of law for the court. *Morales*, 873 F.3d at 821. This inquiry is made "in light of the specific context of the case." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (quotation omitted). Thus, I "must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 138 S. Ct. at 590 (quotation omitted). "A rule is too general if the unlawfulness of the officer's conduct does not follow immediately from the conclusion that the rule was firmly established." *Id.* (simplified).

## II. FOURTEENTH AMENDMENT DUE PROCESS AGAINST DUGAN

Johnson's due process claim against Dugan is based on the discipline Dugan imposed on Johnson by restricting his privileges for 60 days. Dugan contends this claim should be dismissed with prejudice because Johnson has not identified a protected liberty interest. Dugan also contends that he is entitled to qualified immunity.

Johnson responds that his disciplinary hearing was not timely held and Dugan denied him the opportunity to present witnesses and evidence at the hearing, so he was deprived of the ability to defend himself. He argues that Dugan improperly imposed penalties for a category A infraction when his violation was only a category B, so Dugan imposed up to 90 days of lost

privileges, where he could have received only up to 60 days of lost privileges for a category B infraction under HDSP regulations. He asserts Dugan is not entitled to qualified immunity because he knew he was violating Johnson's due process rights.

To state a Fourteenth Amendment due process claim, Johnson must plausibly allege a "deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quotation omitted). The "Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, "a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an atypical and significant hardship in relation to the ordinary incidents of prison life." *Jackson*, 353 F.3d at 755 (simplified). To determine whether a plaintiff possesses a liberty interest in avoiding disciplinary segregation, I consider: "1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quotation omitted).

Johnson has not plausibly alleged he was deprived of a liberty interest protected by the Fourteenth Amendment when Dugan imposed a loss of privileges for 60 or 90 days. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding the plaintiff did not have a protected liberty interest in not being placed in disciplinary segregation for 30 days); *Maisano v. Daniels*, No. 95-16998, 87 F.3d 1320, 1996 WL 341274, at *2 (9th Cir. 1996) (holding the plaintiff did not have a protected liberty interest in loss of privileges for 30 days). He does not plausibly allege his loss

4

of privileges was different than conditions imposed in administrative segregation, that the duration of the sanction imposed was an atypical and significant hardship, or that the duration of his sentence was affected. Although Johnson contends that Dugan improperly categorized his infraction as a class A violation to impose a higher sanction, Johnson does not identify a protected liberty interest in loss of privileges for 90 days versus 60 days. And even if this constituted a due process violation, Johnson has not identified clearly established law that would have put Dugan on notice that he was violating Johnson's due process rights by mischaracterizing the infraction to impose 30 extra days of lost privileges. I therefore grant Dugan's motion to dismiss Johnson's Fourteenth Amendment due process claim against Dugan. I deny leave to amend because it would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.").

### III. FIRST AMENDMENT LEGAL MAIL CLAIM AGAINST CHANICE

Chanice argues the First Amendment claim against her should be dismissed with prejudice because Johnson's letter to the Nevada Department of Parole and Probation is not legal mail that must be opened in his presence. Chanice also argues that even if Johnson could state a claim, she is entitled to qualified immunity.

Johnson responds that the response to his inmate grievance admitted that the mail room opened and lost his mail, and Chanice operated the mail room at the time. He contends that because he is a pro se litigant, his mail addressed to the parole board is legal mail. He also argues that even if the letter was not legal mail, he has a general First Amendment right to communicate by mail. Johnson contends that Chanice is not entitled to qualified immunity because the grievance response admitted the letter was opened outside his presence.

Chanice replies that a single instance of negligently opening and losing non-legal mail is insufficient to state a First Amendment claim. She also argues that Johnson has not alleged facts showing an injury from the loss of the letter's contents.

"[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). Legal mail means mail marked as being from a specified attorney. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Hayes*, 849 F.3d at 1211 (holding that First Amendment claim based on opening mail sent from the court was properly dismissed because it was not legal mail). Consequently, prison officials need not treat mail sent between prisoners and government agencies or officials as legal mail for constitutional purposes, and they may open and inspect such mail outside an inmate's presence. *Hayes*, 849 F.3d at 1211.

Johnson alleges that his mail was addressed to the State of Nevada Department of Parole and Probation. ECF No. 6 at 17. It therefore does not constitute legal mail entitling Johnson to the First Amendment right to be present when it was opened. Johnson contends that because he is a pro se litigant, his mail to the parole department is legal mail. Even if Johnson is correct, he has not identified clearly established law that would have put Chanice on notice that she would violate Johnson's First Amendment right to be present when mail is opened outside his presence where the mail is addressed to a state agency or department. She therefore would be entitled to qualified immunity. Consequently, I grant Chanice's motion to dismiss Johnson's First Amendment legal mail claim with prejudice, because amendment would be futile.

Johnson contends that even his non-legal mail is entitled to First Amendment protection, but he did not allege a claim for First Amendment interference with non-legal mail. My screening order allowed this claim to proceed against Chanice based on Johnson's allegation that

"Chanice opened and read Johnson's legal mail outside of Johnson's presence." ECF No. 7 at 12. However, I will grant Johnson leave to amend to assert a claim for First Amendment interference with non-legal mail, if facts exist to do so. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

To guide Johnson in crafting an amended complaint, I advise him that a prison inmate "enjoys a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, negligent mishandling of an inmate's mail does not amount to a constitutional violation. *Luca v. Lutz*, No. 93-17191, 17 F.3d 395, 1994 WL 47981, at *2 (9th Cir. 1994) (holding negligent mishandling of inmate mail would not support a constitutional claim for interference with the right of access to the courts). *Cf. Daniels v. Williams*, 474 U.S. 327, 333 (1986) (negligence cannot support a due process claim); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (negligent failure to provide adequate medical care cannot support an Eighth Amendment claim). Thus, to state a First Amendment claim that Chanice interfered with his non-legal mail, Johnson must plausibly allege specific facts showing that Chanice "purposefully acted to deprive him of that right" and he suffered an "actual injury resulting from the violation." *Luca*, 1994 WL 47981, at *2 (stating these requirements for a claim of interference with the right of access to the courts based on mishandling of inmate mail).

## IV.  CONCLUSION

I THEREFORE ORDER that defendants Joseph Dugan and Crystal Chanice's motion to dismiss **(ECF No. 22) is GRANTED in part**. The motion is granted as to plaintiff Corey Johnson's Fourteenth Amendment due process claim against defendant Joseph Dugan and his

First Amendment legal mail claim against defendant Crystal Chanice. Those claims are dismissed with prejudice.

I FURTHER ORDER that plaintiff Corey Johnson may file a second amended complaint to allege a claim for First Amendment interference with non-legal mail against defendant Crystal Chanice, if facts exist to do so. If Johnson fails to file a second amended complaint by **January 9, 2023**, I will enter final judgment on the first amended complaint in favor of these defendants and against Johnson.

DATED this 12th day of December, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE